UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M LOTERSZTAIN, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0406 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Multiple motions by plaintiff are pending and addressed below.

<u>Motion to Compel Discovery</u>

Plaintiff's motion to compel discovery is untimely. The modified scheduling order extended the discovery deadline to August 30, 2021. Under the scheduling order, all motions to compel discovery were to be filed no later than August 30, 2021. Plaintiff submitted his motion to prison staff for mailing on September 23, 2021. (ECF No. 44 at 121.) Because plaintiff's motion was filed after the discovery deadline expired, the motion to compel is denied.

In any event, plaintiff's interrogatories sought expert testimony without compliance with the written report requirements of Federal Rule of Civil Procedure 26(a)(2)(B). See <u>Goodman v. Staples the Office Superstore, LLC</u>, 644 F.3d 817, 826 (9th Cir. 2011) (a treating physician testifying beyond the scope of treatment rendered must comply with Rule 26(a)(2)(B)'s expert

1

witness written report requirement); see also Graves v. Todd, 519 F. App'x 506, 507 (9th Cir. 2013) (district court did not abuse its discretion by denying prisoner's request to pose written questions to his treating physicians because prisoner's questions sought expert testimony without complying with the written report requirements of Rule 26(a)(2)(B).).  Indeed, throughout his motion, plaintiff refers to "designated" experts; yet no expert witness has yet been designated.[1]

While the court is sympathetic to plaintiff's plight as a pro se litigator with limited funds, he is still required to follow the Federal Rules of Civil Procedure.

Accordingly, plaintiff's motion to compel is denied.

<u>Motion to Modify Scheduling Order to Set Expert Witness Disclosure Deadlines</u>

Plaintiff's motion to set deadlines for the disclosure of expert witnesses is premature. Here, the pretrial motions deadline expired on November 22, 2021.  (ECF No. 38.)  Defendants have filed summary judgment motions to determine whether there are material disputes of fact requiring a jury trial.  Once pretrial motions are resolved, assuming the case survives summary judgment, the undersigned will issue an order setting the pretrial conference and requiring pretrial statements.  Plaintiff may renew his motion to set expert witness disclosure deadlines in his pretrial statement.  Unless the court sets a specific date for such disclosures in the pretrial order, the Federal Rules of Civil Procedure provide that expert witnesses are to be disclosed ninety days prior to trial.  At that time, plaintiff may seek leave to depose a particular expert witness.  Fed. R. Civ. P. 26(b)(4)(A).

<u>Expert Witnesses</u>

Initially, plaintiff declares that he informed defendants during discovery that he sought "disclosure of their medical opinions developed during their medical encounters with plaintiff under Rule 26(a)(2)(C)." (ECF No. 42 at 5.)  But as reiterated above, defendants have not yet disclosed their expert witnesses.  Thus, any failure to disclose an expert medical opinion could

---

[1] For example, in his motion to compel section II, plaintiff claims that "[a]ll of the defendant physicians are designated medical experts and as percipient expert witnesses and parties to the action whatever opinions they developed during the medical procedures at issue are subject to disclosures." (ECF No. 44 at 12.)  Such statement, as applied to this case, is not correct.  No formal designation of expert witnesses by defendants has yet occurred.

not have been in bad faith, as plaintiff alleges.  Granting plaintiff additional time to propound discovery to obtain such information would be futile because defendants are not yet required to disclose their expert witnesses, let alone a written expert report or summary of non-retained expert testimony.  Fed. R. Civ. P. 26(a)(2)(A)-(D).[2]

No notice of designation of expert witness attempting to designate any of plaintiff's treating physicians as expert witnesses has been filed.  Counsel for the state defendants advises that counsel has no record of plaintiff "ever indicating" he would be designating the defendants as plaintiff's experts, other than his recent statement during a September 15, 2021 phone call.  (ECF No. 46 at 2.)  Moreover, such counsel states that contrary to plaintiff's claim that he sought to designate defendants as his experts in March of 2021 (ECF No. 41), there is no such communication on file.  (ECF No. 46 at 2.)  In any event, counsel states that defendants would not consent to be designated experts for plaintiff inasmuch as plaintiff is suing each of them.  (ECF No. 46 at 2.)  In his reply, plaintiff now concedes he did not designate the defendant physicians as his experts.  (ECF No. 51 at 2.)

Further, as argued by defendants, no expert disclosure deadline has yet been set; no expert disclosures have formally been filed on the record.  Once experts are disclosed, the parties will be required to provide disclosures under Rule 26(a)(2)(A-C).  If any of the defendants provide declarations as retained experts at that time, plaintiff may then depose one or all of them.

All of the federal cases relied upon by plaintiff were in different procedural postures than this case and none were brought by pro se prisoners.  Goodman, 644 F.3d at 826; Pineda v. City

---

[2] "Rule 26(a)(2) requires litigants to disclose all expert witnesses "at the times and in the sequence that the court orders." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011).  The disclosure of experts "retained or specially employed to provide expert testimony in the case" must provide, among other things, a signed report with "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii).  A treating physician who is expected to testify regarding opinions "formed during the course of treatment" need not submit a detailed expert report. Goodman, 644 F.3d at 826.  Nonetheless, disclosures of non-retained, treating physicians must include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); see also Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment." Merchant v. Corizon Health, Inc., 993 F.3d 733, 739-40 (9th Cir. 2021).

& County of San Francisco, 280 F.R.D. 517 (9th Cir. 2012); Krause v. Hawaiian Airlines, Inc., 2019 U.S. Dist. LEXIS 106413 (E.D. Cal. June 24, 2019); Burreson v. Basf Corp., 2014 U.S. Dist. LEXIS 117590 (E.D. Cal. Aug. 22, 2014).[3] Moreover, in all of these cases expert disclosures had been set, and therefore the issue was ripe as to whether or not a written report from the nonretained expert was required. Indeed, the court in Burreson stated: "Once an individual is identified as a percipient or hybrid expert, the court must then inquire into the sufficiency of the specific disclosure of information pursuant to Rule 26(a)(2)(C)." Burreson, at *8, citing See Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). As discussed above, no such disclosure has been made here. As cited by defendants:

> For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Fed. R. Civ. P. 26 advisory committee's note. Defendants have not identified Dr. Lin as a disclosed expert. Certainly plaintiff may call Dr. Lin as a percipient witness based on his medical treatment of plaintiff, but such treatment, standing alone, does not convert Dr. Lin into an expert witness as defined under Rule 26, or entitle plaintiff to Dr. Lin's medical opinion in response to written discovery requests.

Motion for Extension of Time

Finally, on December 20, 2021, plaintiff filed a motion to extend the time to file a motion under Rule 56(d) of the Federal Rules of Civil Procedure. As discussed above, plaintiff may not seek written discovery as to treating physician's medical opinions formed during their treatment. Thus, it is unclear whether plaintiff intends to attempt to seek additional discovery under Rule

---

[3] Plaintiff's reliance on Dozier v. Shapiro, 199 Cal.App.4th 1509 (2012), is also unavailing because it addressed an order granting the operating physician's motion in limine to limit the testimony of patient's treating physician to the opinions formulated at the time of his deposition.

56(d). However, in an abundance of caution, plaintiff is granted fourteen days from the date of this order to file such motion. Plaintiff's obligation to file oppositions to the pending motions for summary judgment is stayed pending further order of court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (ECF No. 44) is denied;

2. Plaintiff's motion to set deadlines (ECF No. 41) is denied;

3. Motion to modify scheduling order (ECF No. 42) is denied;

4. Plaintiff's motion for extension (ECF No. 58) is partially granted;

5. Plaintiff is granted fourteen days from the date of this order in which to file his motion under Rule 56(d); and

6. Plaintiff's obligation to file oppositions to defendants' motions for summary judgment (ECF Nos. 53, 55) is stayed pending further order of court.

Dated: December 29, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/witk0406.exp