UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2:19-cv-0406 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| MARIANA LOTERSZTAIN, M.D., et al., | |
| Defendants. | |

     Plaintiff is a state prisoner, proceeding pro se. This case proceeds on plaintiff's complaint alleging violations of his Eighth and First Amendment rights, and includes various state law claims. (ECF Nos. 1, 8.) On November 19, 2021, defendants Lotersztain, Scott, Largoza, Kuersten, and Gates (hereafter "moving defendants") filed a motion to seal plaintiff's redacted medical records, along with twelve pages related to their authenticity. (ECF No. 54.) As discussed below, the motion is denied.

     Moving defendants argue that such records are private medical records in which plaintiff has a right to privacy. (ECF No. 54 at 1.) Plaintiff filed nothing in response.

Governing Standards

     There is a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court

record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). In Foltz, the court "distinguish[ed] between dispositive and nondispositive motions," finding that "because 'summary judgment adjudicates substantive rights and serves as a substitute for trial,'" courts apply the "compelling reasons" standard to documents attached to a motion for summary judgment. Foltz, 331 F.3d at 1135-36 (quoting Rushford v. New Yorker Magazine, 846 F.2d 249, 252 (4th Cir. 1988).) "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption [in favor of access] by meeting the compelling reasons standard." Kamakana, 447 F.3d at 1178.

Because the documents proposed for sealing are "more than tangentially related to the merits of [this] case," the compelling reasons standard applies. See Center for Auto Safety v. Chrysler Group. LLC, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). Under such standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (quoting Kamakana, 447 F.3d at 1179.)

Discussion

Here, plaintiff's Eighth Amendment medical and state law claims involve plaintiff's allegations that he received inadequate medical treatment for his fractured finger. Thus, evaluation of plaintiff's medical treatment will be required to address the merits of the pending motions for summary judgment. The undersigned is not persuaded that the failure to seal such records will risk interference as argued in counsel's emailed request.[1] Rather, the undersigned finds such risk to be speculative, and does not outweigh the public's access to such records. Medical records in prisoners' Eighth Amendment cases have traditionally been matters of public record, and not traditionally kept secret. Thus, the undersigned finds that any potential risk is outweighed by the presumption of access to judicial records, which favors disclosure.

---

[1] Because the publicly-filed request to seal records differs from the emailed request accompanying the medical records, counsel for moving defendants shall re-file the three page request, referencing ECF No. 54.

That said, review of such medical records shows that many of the progress notes contain a repeating list on the righthand side that references plaintiff's "Problem List/Past Medical History," "Social History," that includes details as to plaintiff's criminal history, employment/school history, home/environment history, and family history.  (See, e.g., CDCR 0661-62; 0665-0666; etc.)  Such stale, personal, and sensitive information is not relevant to plaintiff's claims concerning adequate medical care for his fractured finger.  In addition, some of the Assessment Forms include references to treatment for mental health and other medical issues not at issue in this action.  (See, e.g., 0836, 0908, etc.)[2]  Thus, moving defendants are directed to redact all of the unrelated references prior to filing the pertinent medical records.

Accordingly, IT IS HEREBY ORDERED that:

1. The request to seal documents (ECF No. 54) is denied.

2. Within fourteen days from the date of this order, moving defendants shall redact all unrelated references as discussed above and file the records appended to their request to seal records, specifically referencing their motion for summary judgment (ECF No. 53).

3. Counsel for moving defendants shall re-file defendants' three page notice of request to seal documents, referencing ECF No. 54.

Dated:  December 29, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/witk0406.sea

---

[2] This reference and the prior reference are not exhaustive lists; rather, defendants must review all of the records to appropriately redact the records.

3