1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL WITKIN,                              No.  2:19-cv-0406 TLN KJN P

12                 Plaintiff,

13          v.                                     ORDER

14    MARIANA LOTERSZTAIN, M.D., et al.,

15                 Defendants.

16

17          Plaintiff is a former state prisoner, proceeding pro se.  This case proceeds on plaintiff's

18    complaint alleging violations of his Eighth and First Amendment rights, and includes state law

19    claims.  (ECF Nos. 1, 8.)  On July 12, 2022, plaintiff filed a motion for appointment of a medical

20    expert under Rule 706(a) of the Federal Rules of Evidence, which is now fully briefed. As set

21    forth below, plaintiff's motion is denied without prejudice.

22    Background

23          Motions for summary judgment by Dr. Lin and the remaining defendants are pending.

24    (ECF Nos. 53, 55.)  Plaintiff was granted leave to file his oppositions after his motion for expert

25    witness was decided.  (ECF No. 80.)

26    Pleading Allegations

27          In his original complaint, plaintiff alleges, in pertinent part, the following.  On December

28    23, 2017, while playing football at California State Prison, Solano, plaintiff fractured the fourth

1

1   finger of his right hand.  Despite promptly reporting to the Correctional Treatment Center,

2   emergency treatment was delayed, and plaintiff's finger was not properly splinted or

3   immobilized.  Plaintiff's hand was x-rayed on December 25, and a plaster splint was applied to

4   his entire hand, wrist and forearm.  A routine orthopedic referral issued, and plaintiff was seen by

5   defendant Dr. Lin on January 9, 2018.  Dr. Lin allegedly "informed plaintiff that due to the fusion

6   of the bones in his finger, surgical intervention would provide the same result as placing the

7   finger in the proper splint that should have been applied initially, and letting it heal on its own."

8   (ECF No. 1 at 4.)  Plaintiff contends that Dr. Lin should have recommended surgical intervention

9   to prevent permanent injury to plaintiff's finger.

10      Plaintiff alleges that defendants were deliberately indifferent to plaintiff's serious medical

11   needs by refusing to treat or properly treat plaintiff's broken finger, resulting in the permanent

12   disfigurement of and loss of range of motion to his finger, and negligently inflicted emotional

13   distress and were professionally negligent under state law.

14   Plaintiff's Motion for Expert

15      The Parties' Positions

16      Plaintiff seeks the appointment of an expert witness in connection with his Eighth

17   Amendment claims against defendant Dr. Lin.  Initially, plaintiff agrees that "the only issue in

18   this case as to Dr. Lin is whether Dr. Lin should have recommended surgery."  (ECF No. 76 at 2.)

19   Plaintiff argues that expert testimony is necessary to "comprehend the legitimate standard of care

20   applicable in this case."  (ECF No. 76 at 2.)  Plaintiff maintains that defendant Lin's expert, Dr.

21   Burgar, failed to provide factual information as to Dr. Lin's "degree of learning and skill," such

22   that the court will not be able to render a meaningful decision.  Plaintiff argues that Dr. Lin's

23   evidence created a dispute of fact about both the standard of care and the treatment option

24   plaintiff chose; plaintiff concedes that Dr. Burgar testified that Dr. Lin determined splinting was

25   the best option but argues that in order to comply with the standard of care, Dr. Lin had to

26   recommend plaintiff receive surgery.  (ECF No. 76 at 3.)  Plaintiff denies he chose splinting over

27   the closed reduction and external fixation ("CREF") procedure.  Plaintiff contends such disputes

28   require neutral expert testimony to assist the court in reaching its decision, arguing that the court

2

1   would have to be an orthopedic hand surgeon to provide a "reasonably accurate" decision.  (Id. at

2   4.)  Finally, plaintiff contends that appointing a neutral expert in this Eighth Amendment claim

3   "would vindicate plaintiff's rights to minimally adequate medical care."  (ECF No. 1 at 4.)

4          In opposition, defendant argues that plaintiff simply seeks to have the court appoint and

5   pay for a non-neutral expert to oppose defendant's motion for summary judgment, which is not

6   permitted.  (ECF No. 79 at 1, 3-4.)  Moreover, the record is fully developed, and because the key

7   issue is whether plaintiff chose the CREF treatment option rather than splinting, if the court

8   determines after reviewing the records in this case that plaintiff was provided a choice between

9   splinting and CREF and plaintiff chose splinting, no neutral expert would be needed.  Defendant

10  argues that Dr. Lin's contemporaneous medical records, discovery responses and plaintiff's

11  deposition testimony are sufficient to enable the court to determine whether there is a material

12  dispute of fact that precludes summary judgment.  In addition, defendant contends that plaintiff's

13  deposition testimony shows plaintiff chose splinting.  (ECF No. 79 at 5.)

14         In reply, plaintiff again denies he chose splinting, and contends his "deposition testimony

15  simply reveals that Dr. Lin wanted to pursue an easier course of treatment than the one plaintiff

16  chose."  (ECF No. 85 at 3.)  Further, plaintiff argues that Dr. Lin's discovery responses are

17  contradicted by his own expert Dr. Burgar's declaration.  (Id. at 4.)  Plaintiff maintains that there

18  is a serious dispute as to what course of treatment was appropriate and consistent with the

19  standard of care, and therefore a neutral expert witness is required to assist the court in

20  determining whether defendant Lin's treatment fell so far below the standard of care that a jury

21  could find that defendant was subjectively aware of the risk of harm to plaintiff.

22         B.  Standards

23         Federal Rule of Evidence 706 provides that "the court may order the parties to show cause

24  why expert witnesses should not be appointed and may ask the parties to submit nominations.

25  The court may appoint any expert that the parties agree on and any of its own choosing."  Fed. R.

26  Evid. 706(a).

27         However, court-appointed experts typically are used in complex litigation where the

28  record is not clearly developed by the parties, and generally serve the purpose of aiding the court

1    in understanding the subject matter at hand.  See Walker v. Am. Home Shield Long Term

2    Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness

3    where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL

4    1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to

5    assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S.

6    Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment

7    of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional

8    cases" in which the ordinary adversarial process does not suffice, such as complex mass tort

9    problems.)

10          A "court's decision whether to appoint an expert is discretionary," but it is well settled

11   that "there is no statutory authorization for a court-appointed investigator for civil litigants

12   proceeding in forma pauperis."  Snow v. Mar, 785 F. App'x 465, 466 (9th Cir. 2019) (citing

13   Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 n.7 (9th Cir. 2002)).  Courts may not invoke

14   Rule 706 simply to "appoint an expert on behalf of an indigent civil party."  Woodroffe, 2014 WL

15   1383400, at *5; Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb.

16   12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert

17   witness as an advocate for one of the parties."); see also Gorton v. Todd, 793 F. Supp. 2d 1171,

18   1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness

19   solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference.)

20   Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit

21   to be paid by the court."  Gorton, 793 F. Supp. 2d at 1184 n.11.  The expenditure of public funds

22   on behalf of an indigent litigant is proper only when authorized by Congress.  Tedder v. Odel,

23   890 F.2d 210 (9th Cir. 1989).

24          C.  Discussion

25          To the extent plaintiff seeks appointment of an expert witness to testify to plaintiff's view

26   of the medical standard of care, such appointment is inappropriate.  Rule 706 does not

27   contemplate court appointment and compensation of an expert witness as an advocate for

28   plaintiff.  Manriquez v. Huchins, 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-

1  appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, 2013

2  WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not

3  the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013)

4  (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a

5  particular party).  Rather, Rule 706(a) of the Federal Rules of Evidence permits the court to

6  appoint only neutral expert witnesses.

7         In addition, the undersigned is not persuaded that plaintiff's deliberate indifference claims

8  or state law negligence claims are factually or legally complex such that the appointment of a

9  neutral expert witness is required.  Rather, given plaintiff's medical records, the parties'

10  discovery responses, as well as plaintiff's deposition testimony, the undersigned concludes that an

11  expert witness is not required for the court to understand the relevant subject matter.  See

12  Herrington v. Elliot-Blakeslee, 2016 WL 1420976, at *4 (D. Or. Apr. 11, 2016) (denying a

13  motion for a court-appointed expert and finding that the medical records that the defendants

14  provided in support of their motion for summary judgment were clearly developed).  The record

15  evidence is sufficient to assist the undersigned in understanding plaintiff's medical condition, the

16  objective medical evidence, and the treatment options considered.  See Wallace v. Pierce Cnty.

17  Sheriff's Dep't, 2019 WL 3736658, at *3 (W.D. Wash. Aug. 8, 2019) (denying motion for court-

18  appointed expert where the plaintiff alleged deliberate indifference to his medical needs because

19  "the facts of this case are not extraordinary, and the legal issues are not complex") (citation

20  omitted).

21         Therefore, the undersigned exercises his discretion and denies plaintiff's motion to

22  appoint a medical expert under Rule 706.  Should the court decide at a later date, including at

23  trial, that such expert testimony is required, the court may, *sua sponte*, appoint a neutral expert at

24  that time.

25         Extension of Time

26         In light of the above, plaintiff is granted sixty days in which to file oppositions to the

27  pending motions for summary judgment.  Plaintiff is cautioned that the court will not be inclined

28  ////

5

1    to grant additional extensions of time.  Failure to file timely oppositions will result in

2    recommendations that the motions be granted.

3             Accordingly, IT IS HEREBY ORDERED that:

4             1.  The motion for appointment of expert witness (ECF No. 76) is denied without

5    prejudice; and

6             2.  Plaintiff is granted sixty days to file oppositions to the pending motions for summary

7    judgment (ECF Nos. 53, 55).

8    Dated:  October 12, 2022

9

10                                                KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE

11

12    /witk0406.706

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28