UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2:19-cv-0406 DJC KJN P |
| Plaintiff, | |
| v. | ORDER |
| MARIANA LOTERSZTAIN, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner, proceeding pro se, with this civil rights action seeking relief under 42 U.S.C. § 1983. On December 29, 2023, defendant Lotersztain filed a motion for independent medical exam of plaintiff's fourth right finger by defendant's expert. Twenty-one days have passed, and plaintiff has not filed an opposition.[1] As discussed below, defendants' motion is granted.

Background

Mariana Lotersztain is the sole remaining defendant. Counsel for defendant previously provided plaintiff with the date, location, and time of the independent medical exam because it needed to be prearranged with defendant's expert, Dr. Younger. (ECF No. 108 at 5.) Counsel then asked plaintiff if he would stipulate to the independent medical exam. Plaintiff said he

---

[1] Plaintiff was granted leave to file electronically on August 8, 2022. (ECF No. 87.)

1

would consider the request when counsel provided the proposed stipulation. At plaintiff's request, the examination was moved to a Thursday, and on December 15, 2023, counsel provided plaintiff the proposed stipulation by email. On December 20, 2023, plaintiff indicated he would not agree to the stipulation. (ECF No. 108 at 30.)

Legal Standards

Rule 35 of the Federal Rules of Civil Procedure permits a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "One of the purposes of Rule 35 is to 'level the playing field' between parties in cases in which a party's physical or mental condition is in issue." Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Cal. 1995); see also Perona v. Time Warner Cable Inc., 2016 WL 9051867, at *4 (C.D. Cal. May 5, 2016). Under Rule 35, the party moving for a physical or mental examination must meet two requirements: (1) the physical or mental condition of the party must be "in controversy"; and (2) "good cause" for the examination must be established. Ragge, 165 F.R.D. at 608 (citing Schlagenhauf v. Holder, 379 U.S. 104, 117-20 (1964)). The Supreme Court has recognized that the pleadings alone may establish both requirements, as in the case of a plaintiff who asserts a mental or physical injury. Schlagenhauf, 379 U.S. at 119 (plaintiff who asserts mental or physical injury in his pleadings "places that . . . injury clearly in controversy and provides . . . good cause for an examination to determine the existence and extent of such asserted injury.").

If an examination is ordered, Rule 35 requires the court order "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Id. "Courts have discretion in setting appropriate conditions for a physical or mental examination depending on the facts and circumstances of each case." Newman v. San Joaquin Delta Community College District, 272 F.R.D. 505, 511 (E.D. Cal. Feb. 15, 2011).

Discussion

Here, plaintiff seeks damages from defendant based on plaintiff's claim that defendant Lotersztain was deliberately indifferent to plaintiff's need for medical care for his fractured fourth finger on his right hand by intentionally delaying plaintiff's treatment, failing to splint the finger,

2

and intentionally delaying the scheduling of an appointment with a specialist, resulting in permanent disfigurement and loss of range of motion. (ECF No. 1.) In addition, in an interrogatory response, plaintiff claims his finger "is grotesquely and permanently mangled with a significant permanent loss of function." (ECF No. 108 at 26 (response to interrogatory no. 17).) Thus, the physical condition of plaintiff's fourth finger on his right hand is in controversy.

As for good cause, the motion demonstrates that defendant has no other means of discovering plaintiff's current medical condition of the finger. Plaintiff is no longer in custody. And while defendant has copies of plaintiff's medical records, defendant and defendant's expert should be provided an opportunity to evaluate the extent of plaintiff's injury as well as his current ability to use the finger in controversy, and to rebut plaintiff's expert report. See O'Sullivan v. Rivera, 229 F.R.D. 184, 186 (D. N.M. 2004) (granting motion for independent medical exam).

Plaintiff provides no arguments or evidence in opposition to the motion; indeed, he filed no opposition.

Because plaintiff has placed the condition of his right fourth finger in controversy and defendant has shown good cause for an independent medical exam, defendant's motion is granted. The undersigned reviewed the curriculum vitae of Edward W. Younger, III, M.D., who is a Board Certified orthopedic surgeon with over 30 years of experience. (ECF No. 108 at 42-47.) Dr. Younger is qualified to perform the independent medical exam.

Plaintiff shall report to the office of Edward Younger, M.D., at Art of Smile Dental Practice, 3370 Mt. Diablo Blvd., Lafayette, California, on February 8, 2023, at 11:00 a.m. for the examination. The medical examination shall consist of a physical examination limited to plaintiff's fourth finger on his right hand, and plaintiff shall provide any necessary information as to his medical history in relation to the fourth right finger injury. Dr. Younger's examination will not include any diagnostic test or procedure that is painful, protracted, or intrusive. Such examination shall not exceed two hours. Plaintiff shall cooperate and not interfere with Dr. Younger's ability to effectively perform the exam.

The record demonstrates that plaintiff has received advance notice of the date, time and location of the independent medical exam and was given an opportunity to adjust the date to

1  accommodate his schedule.  While defendant proposes that the parties may revise the date,

2  location, and time of the independent medical exam by mutual consent (ECF No. 109 at 2), the

3  parties are discouraged from doing so in light of the pretrial conference set for April 25, 2024.

4  Moreover, plaintiff is cautioned that such agreement must be timely and mutual based on Dr.

5  Younger's limited availability and his policy of imposing a cancellation charge if the exam is not

6  cancelled by January 31, 2024.  (ECF No. 108 at 4.)  Further, if plaintiff simply fails to appear for

7  the exam, plaintiff may be subject to an order requiring him to pay defendant's costs incurred

8  based on plaintiff's failure to appear.

9      Finally, the undersigned is concerned that plaintiff has not responded to the motion for

10 independent medical exam, or to the pending motion to revoke, which is uncharacteristic for

11 plaintiff.  Plaintiff is cautioned that as a pro se litigant, it is his responsibility to diligently

12 prosecute his case, and he is reminded that failure to do so may result in a recommendation that

13 the action be dismissed.  Local Rule 110; Fed. R. Civ. P. 41(b).

14      Accordingly, IT IS HEREBY ORDERED that:

15      1.  Defendant's motion for independent medical examination (ECF No. 108) is granted;

16      2.  A physical examination of plaintiff Michael Witkin shall be conducted by Edward

17 Younger, M.D., at Art of Smile Dental Practice, 3370 Mt. Diablo Blvd., Lafayette, California, on

18 February 8, 2023, starting at 11:00 a.m.  However, the date, location, and time of the exam may

19 be revised upon a timely request and the mutual consent of both parties, as set forth above.

20      3.  Plaintiff shall present himself for the independent medical examination by Dr. Younger

21 to examine plaintiff's fourth finger on his right hand.  The examination shall consist of a physical

22 examination, and plaintiff shall also provide any necessary information as to his medical history

23 in relation to his fourth right finger injury.  The examination will not include any diagnostic test

24 or procedure that is painful, protracted, or intrusive.  Such examination shall not exceed two

25 hours.  Plaintiff shall cooperate and not interfere with Dr. Younger's ability to effectively perform

26 the exam.

27      Dated:  January 24, 2024

28 /witk0406.ime

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE