UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN, | No. 2:19-cv-00406-DJC-KJN |
| Plaintiff, | |
| v. | ORDER |
| MARIANA LOTERSZTAIN, et al., | |
| Defendants. | |

Defendant Mariana Lotersztain has filed a Motion to Revoke Plaintiff's In Forma Pauperis Status (Def's Mot. (ECF No. 111)) based on the fact that Plaintiff is no longer a prisoner.

Defendant notes that Plaintiff was released from prison on July 6, 2022, and suggests that where a prisoner is released from custody, he cannot continue to proceed In Forma Pauperis under 28 U.S.C. § 1915(b)(1). However, instead of suggesting that Plaintiff be prompted to file an updated In Forma Pauperis Application, Defendant instead suggests that Plaintiff's In Forma Pauperis status should be revoked and Plaintiff should be ordered to pay the filing fee. (Def's Mot. at 5.) Defendant does grant that "[i]f Plaintiff still wishes to proceed [In Forma Pauperis]" the Court should require him to submit a new affidavit, but also subsequently

1

suggests that the Court should contemplate dismissing this action if Plaintiff failed to comply with these instructions. (*Id.*)

Broadly speaking, Defendant is correct that where a prisoner plaintiff who has previously been granted In Forma Pauperis status is released, they must seek in forma pauperis status under 28 U.S.C. § 1915(a)(1). *See Townsend v. Rendon*, No. 1:21-cv-01120-DAD-SAB, 2022 WL 1462181, at *2 (E.D. Cal. Apr. 1, 2022) ("Thus, if a prisoner proceeding in forma pauperis is released from prison while their action is pending, they must submit an updated in forma pauperis affidavit under 28 U.S.C. § 1915(a)(1) or pay the filing fee.") However, where a plaintiff has already been granted In Forma Pauperis status and is subsequently released, most courts, including several of those in the cases cited by Defendant in the motion, will simply request that the plaintiff file an updated in forma pauperis application based on their new financial situation. *See Adler v. Gonzalez*, No. 1:11–cv–1915–LJO–MJS, 2015 WL 4041772, *2 (E.D. Cal. July 1, 2015) (denying a motion to revoke In Forma Pauperis status on similar grounds that "Plaintiff's [In Forma Pauperis] status should not be revoked simply because Plaintiff has been released from prison."); *Townsend v. Ruiz*, No. 2:20-cv-1179-KJM-AC, 2022 WL 1811284, at *2 (E.D. Cal. June 2, 2022) (noting in the procedural history of the case that where the Plaintiff was found to have been released from custody he was simply ordered "to file a new application to proceed in forma pauperis in light of the fact that he was no longer incarcerated"); (*see also* Pl's Mot. at 5 (citing *Adler v. Gonzalez* and *Townsend v. Ruiz*).)[1]

Given the above, it is apparent that revoking Plaintiff's In Forma Pauperis Status is unnecessary at this stage where he can be simply ordered to file an updated In Forma Pauperis affidavit. The parties are reminded that a prisoner's In Forma

---

[1] There do appear to be a few cases in this district where such motions to revoke In Forma Pauperis status have been granted. *See e.g., Townsend v. Rendon*, 2022 WL 1462181, at *2. However, such cases are the minority and generally they revoke In Forma Pauperis status as a means to order a plaintiff to file an amended In Forma Pauperis affidavit, without the additional order that plaintiff must pay the filing fee that Defendant requests here. *See id.*

Pauperis status or their release from incarceration should not be used as tools for gamesmanship. Where a prisoner has been proceeding In Forma Pauperis and is subsequently released from incarceration, filing a simple notice will suffice to make the Plaintiff and Court aware that an updated In Forma Pauperis affidavit is necessary.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to revoke Plaintiff's In Forma Pauperis status (ECF No. 111) is DENIED;

2. Within thirty days of the date of service of this order Plaintiff shall either pay the balance of the $405 filing fee or submit an updated motion to proceed In Forma Pauperis;

3. Plaintiff is advised that failure to comply with this order may result in dismissal of this action; and

4. The Clerk of the Court is directed to send Plaintiff a copy of the In Forma Pauperis form for pro se litigants in this district.

IT IS SO ORDERED.

Dated: **January 24, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE